ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHYLLIS BOWNDS,<br>  PLAINTIFF, | § § § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-942-Y |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br>  DEFENDANT. | § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND
## NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

Plaintiff Phyllis Bownds ("Bownds") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits under Title II[1] of the Social Security Act ("SSA"). On September 5, 2008, Bownds applied for disability insurance benefits, alleging that she had been disabled since May 5, 2008. (Transcript ("Tr.")

---

[1] With respect to applications for disability insurance benefits, the claimant must show he became disabled on or before the expiration of his insured status. *See Barraza v. Barnhart,* 61 F. App'x 917, 2003 WL 1098841, at *1 (5th Cir.2003) (citing *Ivy v. Sullivan,* 898 F.2d 1045, 1048 (5th Cir.1990)).

1

13, 94-96.) Her applications were denied initially and on reconsideration. (Tr. 13, 47-51, 57-60.) The Administrative Law Judge ("ALJ") held a hearing on October 28, 2009 and issued a decision on December 16, 2009 that Bownds was not disabled. (Tr. 10-17, 22-44.) The Appeals Council denied Bownds' request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 1-4.)

## II. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and numerous regulatory provisions govern disability insurance benefits. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §

404.1520(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## III. ISSUES

Bownds raises the following issues:

1. Whether the ALJ applied the appropriate legal severity standard at Step Two;

2. Whether the ALJ erred by failing to specify the frequency and length of time Bownds needed to alternate sitting and standing in the residual functional capacity ("RFC") determination; and

3. Whether the ALJ erred by finding at Step Four that Bownds could perform her past relevant work as a credit clerk.

## IV. ADMINISTRATIVE RECORD

The ALJ, in his December 16, 2009 decision, found that Bownds had not engaged in substantial gainful activity since May 5, 2008, her alleged onset date of disability. (Tr. 13.) At Step Two of the five-step sequential evaluation process, the ALJ stated:

> The second step of the process inquires whether the claimant has a severe impairment, *i.e.*, one which would have more than a slight effect on her ability to engage in those basic work-related activities set forth in 20 C.F.R. § 404.1521(b). The claimant alleges disability due to back pain. I have concluded that the claimant's impairment is severe.

(Tr. 14.) The ALJ also stated that the "medical evidence establishes that the claimant has severe degenerative disc disease of the lumbar spine." (Tr. 16.) The ALJ further held that none of Bownds' impairments or combination of impairments met or equaled the severity of any impairment in the Listing. (Tr. 14, 16.) The ALJ then found that Bownds had the RFC "for sedentary work limited by the need to alternate sitting and standing throughout the workday." (Tr. 15; *see* Tr. 16.) The ALJ opined, based upon his RFC assessment, that Bownds was able to perform her past relevant work as a credit clerk; consequently, she was not disabled. (Tr. 15-16.)

4

## V. DISCUSSION

Bownds claims, *inter alia*, that the ALJ "committed legal error by failing to use the required severity standard set out in *Stone v. Heckler*." (Pl.'s Br. at 6 (emphasis omitted).) She argues that the ALJ did not use the "proper Fifth Circuit severity standard set out in Stone," instead setting forth the incorrect standard in the regulation. (Pl.'s Br. at 7.) She further claims:

> [E]vidence in the record supports Bownds's [sic] contention that the improper severity standard was used, otherwise her leg and shoulder pain would have been found severe. Although the ALJ does find Bownds's [sic] degenerative disc disease ('DDD') of the lumbar spine to be a severe impairment, there is no mention of her leg or shoulder pain in the step two consideration.

(Pl's. Br. at 7 (footnote added).)

The Commissioner has issued regulations that define a severe impairment as one which significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). *See also* 20 C.F.R. §§ 404.1521(a), 416.921(a). The Fifth Circuit, however, has found that a literal application of that definition is inconsistent with the statutory language and legislative history of the Social Security Act. *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985) Instead, the Fifth Circuit has established the following standard for determining whether a claimant's impairment is severe: An impairment is not severe only if it is a slight abnormality having *such minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. *Stone*, 752 F.2d at 1101 (emphasis added). The *Stone* severity standard does not allow for *any* interference with work ability, not even minimal interference. *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.")

5

The courts are to presume that the ALJ used an incorrect standard for measuring severity at Step Two of the sequential evaluation process if the decision fails to refer to the *Stone* opinion by name or cite language of the same effect. *See Loza*, 219 F.3d at 393. A case, however, will not be remanded simply because the ALJ did not use "magic words," but remand is required where there is no indication that the ALJ applied the correct standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986); *see also McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 835 (N.D. Tex. 2008) (indicating that the Fifth Circuit's remand mandate in *Stone* left lower courts with no discretion to conduct harmless error analysis to determine if remand was proper when the ALJ failed to apply the *Stone* severity standard). The ALJ's failure to apply the *Stone* standard is a legal error, not a procedural error, and the claim must be remanded to the Secretary for reconsideration unless the correct standard is used. *Stone*, 752 F.2d at 1106; *see also Johnson v. Astrue*, No. H-08-3658, 2010 WL 148411 at *17 (S.D. Tex. Jan.11, 2010) (remand required where the ALJ cited to the *Stone,* but nonetheless applied incorrect standard); *Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV-0522-N, 2009 WL 3856662, at *1 (N.D. Tex. Nov. 16, 2009) (Godbey, J.) (ambiguity as to whether proper legal standard was used in making severity determination must be resolved at the administrative level); *Brown v. Astrue*, No. 4-08-CV-155-A, 2009 WL 1402287 at *3-4 (N.D. Tex. May 18, 2009) (McBryde, J.) (same).

Based on a thorough review of the ALJ's decision, it is clear that the ALJ employed an incorrect standard in this case. To begin with, the ALJ never referred to the *Stone* opinion by name or cited language of the same effect. Instead, the ALJ required that an impairment have "more than a slight effect" on Bownds' ability to work in order to be considered "severe." (Tr. 14.) As stated above, the *Stone* severity standard does not allow for *any* interference with work

ability, not even minimal interference. In this case, the ALJ's interpretation, however, allows a finding of non-severe even where the impairment has a "slight effect" on her ability to work.

Courts in this district have repeatedly held that similar standards applied in other cases do not comply with the standard set forth in *Stone*. *See, e.g., Craaybeek v. Astrue*, No. 7:10-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (Toliver, Mag. J.); *Charlton v. Astrue*, No. 3:10-CV-056-O, 2010 WL 3385002, at *7 (N.D. Tex. July 14, 2010) (Ramirez, Mag. J.); *adopted in* 2010 WL 3385000, at *1 (N.D. Tex. Aug. 26, 2010) (O'Connor, J.); *Roberson v. Astrue*, 3:10-CV-0240-BH, 2010 WL 3260177, at *10 (N.D. Tex. Aug. 17, 2010) (Ramirez, Mag. J.); *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *8 (N.D. Tex. May 25, 2010) (Cureton, Mag. J.), *adopted in Tusken v. Astrue*, 2010 WL 2891075, at *1 (N.D. Tex. July 20, 2010) (McBryde, J.); *Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241, at *3-4 (N.D. Tex. Jan. 26, 2010) (Kaplan, Mag. J.) (citing *Johnson v. Astrue*, No. H-08-3658, 2010 WL 148411, at *17 (S.D. Tex. Jan. 11, 2010)); *Ruby v. Astrue*, No. 2009 WL 4858060 at *7-8 (N.D. Tex. Dec. 14, 2009) (Boyle, J.); *Neal*, 2009 WL 3856662, at *1 ("Even though citation to *Stone* may be an indication that the ALJ applied the correct standard of severity, nowhere does *Stone* state that the ALJ's citation to *Stone*, without more, conclusively demonstrates that he applied the correct standard."); *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-07 (N.D. Tex. 2009) (Lindsay, J.); *Sanders v. Astrue*, No. 3:07-CV-1827-G, 2008 WL 4211146 at *7 (N.D. Tex. Sept. 12, 2008) (Fish, J.). Each of these cases reviewed an ALJ's decision in which an ALJ used nearly identical language at Step Two as was used in the instant case, and in each case the court held that the ALJ failed to apply the *Stone* standard by requiring "more than a minimal" effect on an individual's ability to work. *See id.*

The language used by the ALJ at Step Two clearly indicates that he applied the incorrect severity standard in evaluating whether Bownds' impairments were severe. Given the low bar for the establishment of a severe impairment under *Stone* and that the ALJ's failure to apply the *Stone* standard is a legal error, remand is required to allow the Commissioner to clarify that the *Stone* opinion was followed and to revisit whether other of Bownds' impairments should have been included among Bownds' severe impairments at Step Two.[2]

Although not cited by the Commissioner, the Court recognizes that there is an unpublished Fifth Circuit opinion that, even though citing to *Stone*, appears to use a different severity standard than actually set forth in *Stone* in finding that the ALJ's decision applied the correct legal standard at Step Two. *See Brunson v. Astrue*, 387 F.App'x 459, 2010 WL 2802372, at *2-3, (5th Cir. July 16, 2010) ("An impairment is severe if it significantly limits an

---

[2] The Court notes that if the failure to apply the *Stone* standard was not a legal error and was subject to a harmless error analysis, it might make sense, depending on the facts of a case, to conclude that remand would not be necessary in some cases. However, as stated above, such a failure is a legal error, not a procedural error, and published Fifth Circuit precedent **mandates** that the claim must be remanded to the Secretary for reconsideration unless the correct standard is used. *See, e.g., Stone*, 752 F.2d at 1106. In addition, this is the position taken by most of the judges in the Northern District of Texas. *See Craaybeek v. Astrue*, No. 7:10-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (Toliver, Mag. J.); *Lacy v. Astrue*, No. 3:10-CV-825-BH, 2010 WL 4275285, at *6 (N.D. Tex. Oct. 29, 2010) (Ramirez, Mag. J.); *Crotzer v. Astrue*, No. 3:09-CV-1998-L, 2010 WL 4877270, at *6-7 (N.D. Tex. Oct. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4883245, at *1 (N.D. Tex. Nov. 30, 2010) (Lindsay, J.); *Phillips v. Astrue*, No. 3:09-CV-2438-L, 2010 WL 4281984, at *6 (N.D. Tex. Sept. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4168622, at *1 (N.D. Tex. Oct. 18, 2010) (Lindsay, J.); *Charlton v. Astrue*, No. 3:10-CV-056-O, 2010 WL 3385002, at *7 (N.D. Tex. July 14, 2010) (Ramirez, Mag. J.); *adopted in* 2010 WL 3385000, at *1 (N.D. Tex. Aug. 26, 2010) (O'Connor, J.); *Roberson v. Astrue*, 3:10-CV-0240-BH, 2010 WL 3260177, at *10 (N.D. Tex. Aug. 17, 2010) (Ramirez, Mag. J.); *Luna v. Astrue*, No. 3:09-CV-1436-M-BH, 2010 WL 582151, at *7 (N.D. Tex. Feb. 18, 2010) (Lynn, J.); *Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241, at *4 (N.D. Tex. Jan. 26, 2010) (Kaplan, Mag. J.); *Brown v. Astrue*, No. 4:09-CV-155-A, 2009 WL 1402287, at *4 (N.D. Tex. May 18, 2009) (McBryde, J.) ("At a minimum there is ambiguity in the ALJ's decision at Step Two that must be resolved at the administrative level."); *Ruby v. Astrue*, 3:08-CV-1012-B, 2009 WL 4858060, at *8 (N.D. Tex. Dec. 14, 2009) (Boyle, J.); *Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV-0522-N, 2009 WL 3837500, at *6 (N.D. Tex. Sept. 11, 2009) (Ramirez, Mag. J.), *adopted in* 2009 WL 3856662, at *1 (N.D. Tex. Nov. 16, 2009) (Godbey, J.); *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-07 (N.D. Tex. 2009) (Lindsay, J.); *Sanders v. Astrue*, No. 3:07-CV-1827-G, 2008 WL 4211146, at *8 (N.D. Tex. Sept. 12, 2008) (Fish, J.).

8

individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities."). In addition, although again not cited by the Commissioner, the Court is aware of another unpublished Fifth Circuit opinion that indicates that remanding a case for failure to apply the *Stone* severity standard would be a waste of judicial resources where evidence established that both the *Stone* standard and the standard set forth in the regulations were satisfied and the outcome would remain the same. *See LeBlanc v. Chater*, 83 F.3d 419, 1996 WL 197501, at *2 (5th Cir. 1996); *see also Ranes v. Astrue*, No. 3:10-CV-0589-D, 2011 WL 540286, at *9 (N.D. Tex. Feb. 15, 2011) (Fitzwater, C.J.) (relying on *LeBlanc* in finding that under either severity standard there was substantial evidence to support the ALJ's severe impairment findings and, thus, the ALJ's decision should be affirmed as to this issue).

In the instant case, however, the evidence in the record does not make it clear to this Court that the outcome would remain the same if the correct standard were applied. For instance, at Step Two, the ALJ failed to find that Bownds had any severe impairments besides severe degenerative disc disease of the lumbar spine. (Tr. 16.) There is evidence, however, that Bownds had impingement of the left acromion in the shoulder, experienced on-going pain in her shoulder, and suffered from a history of leg pain. (*See, e.g.*, Tr. 14, 183, 222, 262, 280-81.) Had the correct severity standard been applied, the ALJ's determination regarding severity may have been different.

In addition, the Court notes that there is a line of cases that is often cited in support of the argument that the failure to apply the proper severity standard only requires remand when the ALJ ends his analysis at Step Two and finds that a claimant is not disabled because he does not

9

have any severe impairments. *See, e.g., Constancio v. Shalala*, 56 F.3d 1386, 1995 WL 337939, at *1-2 (5th Cir. 1995); *Lynch v. Shalala*, 19 F.3d 14, 1994 WL 93270, at *2-3 (5th Cir. 1994); *Reyes v. Sullivan*, 915 F.2d 151, 154 n.1 (5th Cir. 1990); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Shipley v. Secretary*, 812 F.2d 934, 935 (5th Cir. 1987); *Lopez v. Bowen*, 806 F.2d 632, 634 n.1 (5th Cir. 1986).[3] However, this argument has been rejected multiple times in the Fifth Circuit and in this and other districts. *See, e.g., Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) (case adjudicated at Step Five);[4] *Padalecki v. Astrue*, 688 F. Supp. 2d 576, 581 (W.D. Tex. 2010); *Luna*, 2010 WL 582151, at *7 n.5; *Charlton*, 2010 WL 3385002, at *7 (Ramirez, Mag. J.); *adopted in* 2010 WL 3385000, at *1 (O'Connor, J.); *Grant v. Astrue*, No. 4:08-CV-455-Y, 2010 WL 26748, at *7 (N.D. Tex. Jan. 5, 2010) (Means, J.); *Neal*, 2009 WL 3856662, at *1; *Vinning v. Astrue*, No. 4:08-CV-059-A, 2009 WL 920192, at *4 n.3 (N.D. Tex. Apr. 2, 2009) (McBryde, J.) ("Merely because the denial of benefits occurred later in the process [after Step Two] does not excuse the Commissioner's earlier error [in applying the *Stone* severity

---

[3] *See also Nicholson v. Massanari*, No. 00-31370, 254 F.3d 1082, 2001 WL 564157, at *1 (5th Cir. May 18, 2001) ("[T]he ALJ did *not* apply the wrong legal standard because the decision to deny [the claimant] benefits was *not* based on a finding of non-severity."); *Noble v. Astrue*, 4:09-CV-545-A, 2011 WL 2330972, at *3, 6-7 (N.D. Tex. June 14, 2011) (McBryde, J.); *Blessing-Martinez v. Astrue*, 4:09-CV-535-A, 2011 WL 1297550, at *2 (N.D. Tex. Apr. 5, 2011) (McBryde, J.); *Stone v. Astrue*, 4:08-CV-598-A, 2010 WL 2164414, at *1-3 (N.D. Tex. May 27, 2010) (McBryde, J.); *Knight v. Astrue*, No. 09-0409, 2010 WL 892872, at *3 (W.D. La. Mar. 11, 2010) ("[W]hen, as here, the ALJ's analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required."); *Stone v. Astrue*, No. 4:08-CV-598-A, 2010 WL 2164414, at *1-3 (N.D. Tex. May 27, 2010) (McBryde, J.); *Bradshaw v. Astrue*, No. 1:07-CV-0150-C, 2008 WL 4387087, at *5-6 (N.D. Tex. Sept. 26, 2008) (Lane, Mag. J.) (stating that although *Stone* appears to require remand in any case in which the ALJ fails to properly reference the *Stone* standard, the "court's subsequent rulings, however, have clarified the holding to require remand only when the ALJ failed to reference the *Stone* standard and the case was adjudicated at step 2 of the sequential evaluation process").

[4] "While this case had two holdings, one requiring remand for failure to apply the correct *Stone* standard at step two and the other remanding for lack of substantial evidence, the holding regarding the *Stone* standard is not diminished by this fact." *Padalecki*, 688 F. Supp. 2d at 581, n7.

standard]"); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008) (noting that thorough analysis of evidence under erroneous severity standard does not cure the procedural defect in the ALJ's decision); *Key v. Astrue*, No. 3:06-CV-1087-N, 2007 WL 2781930, at *4 (N.D. Tex. Sept. 4, 2007) (Godbey, J.).

Since remand is required pursuant to the ALJ's legal error at Step Two, the Court will not consider the remaining issues for review. However, upon remand, the Commissioner should ensure that he properly considers such issues.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings consistent with these proposed findings of fact and conclusions of law.

### **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal

conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until August 2, 2011 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 19, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE